[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11933
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cr-14039-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HENDERSON LONGWELL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 17, 2019)


Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

David Longwell appeals his 120-month sentence for receipt of child pornography. He asserts the district court abused its discretion by imposing an unreasonable sentence and improperly weighing the 18 U.S.C. § 3553(a) factors because it gave too much weight to the Guidelines and too little weight to his personal history and characteristics and individualizing his sentence. He further contends, citing to the Sentencing Commission's 2012 report[1] on federal child pornography offenses, that arbitrary and excessive Guidelines ranges have resulted in a lack of uniformity in child pornography sentences. After review, we affirm.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. §3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. §3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*.

---

[1] *See* United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses (Dec. 2012).

§ 3553(a)(1), (3)-(7).  The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the factors in § 3553(a). *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In considering the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a).  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  The district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable.  *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

The district court did not abuse its discretion in sentencing Longwell to 120 months' imprisonment because Longwell's sentence was substantively reasonable. *See Irey*, 612 F.3d at 1188-89 (reviewing the reasonableness of a sentence under a deferential abuse-of-discretion standard).  The district court had wide discretion in its decision to place more weight on certain factors and less on others and noted the need for just punishment and deterrence justified a sentence of 120 months. *Clay*, 483 F.3d at 743.  Further, the district court sentenced Longwell to a term below the advisory Guidelines range and far below the statutory maximum.  *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (stating a sentence

imposed within the Guidelines range or well below the statutory maximum is usually reasonable).

We have previously stated the 2013 Sentencing Commission report, centering around U.S.S.G. § 2G2.2,[2] "does not invalidate § 2G2.2" and a district court's use of the guideline does not render a defendant's sentence substantively unreasonable. *United States v. Cubero*, 754 F.3d 888, 899-900 (11th Cir. 2014). We have also rejected the argument that, based on such report, § 2G2.2 is overly harsh. *See United States v. Carpenter*, 803 F.3d 1224, 1235 (11th Cir. 2015). Thus, the Sentencing Commission report does not make U.S.S.G. § 2G2.2 inapplicable and the statutory scheme remains the same until Congress elects to change it. The district court did not abuse its discretion in sentencing Longwell to 120 months' imprisonment for possessing 200 videos plus 1000 images, mostly of children between the ages of 7 and 14, some of which depicted sadistic or masochistic conduct. Therefore, we affirm Longwell's sentence.

**AFFIRMED.**

---

[2] For the crime of receipt of child pornography, some specific offense characteristics include: (1) increasing by two levels where "the material involved a prepubescent minor or a minor who had not attained the age of 12 years," (2) increasing by four levels where "the offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence," (3) increasing by two levels where "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material," and (4) increasing by five levels where the offense involved 600 or more images. U.S.S.G. § 2G2.2.

4